## Green, Executor v. Moore, et al.

(Decided January 20, 1925.)

### Appeal from Elliott Circuit Court.

1. Wills—County Court's Order Admitting to Probate Copy of Will Probated in Other State Void if Decedent was in Fact Resident of Kentucky.—Order of county court, admitting to probate copy of will probated in other state, under Kentucky Statutes, section 4854, is void, if decedent was in fact a resident of Kentucky; such statutes being applicable only to wills of nonresidents.

2. Wills—County Court's Order Admitting Original Will to Probate void, if Decedent was Nonresident.—County court's order admitting original will to probate is void, if decedent was not in fact a nonresident.

3. Wills—Probate of Original Will Not Ground for Dismissal of Appeal from Order Admitting to Probate Authenticated Copy of Will as Will of Nonresident Probated in Another State.—Probate of original will, previously probated in another state, is not ground for dismissal of appeal to circuit court from prior order of county court, admitting to probate an authenticated copy of the will as will of nonresident probated in other state, under Kentucky Statutes, section 4854.

4. Wills—Party, Having Tried Case in Circuit Court on Theory that Two Orders of County Court were Appealed from, could Not Complain in Court of Appeals that there was Appeal from only One Order.—Where copy of will probated in another state was admitted to probate by county court, and appeal from county court's order was taken to circuit court, where case was tried by both parties as though it was an appeal from such order and also from subsequent order of county court admitting original will to probate, objection could not be made for first time in Court of Appeals that there was no appeal from order admitting original will, in view of Civil Code of Practice, section 134.

5. Courts—Statute Prohibiting Reversal for Errors in Proceedings Not Affecting Substantial Rights, Peculiarly Applicable to Appeals to Circuit Court.—Civil Code of Practice, section 134, prohibiting reversal because of error or defect in proceedings not affecting substantial rights of adverse party, is peculiarly applicable to appeals from inferior courts to circuit court, under sections 724-729.

6. Wills—Evidence Held to Prove Testator a Resident of Kentucky. —Evidence held to prove testator at time of death a resident of Kentucky.

7. Domicile—Once Clearly Established, Domicile Presumed to Continue until Change is Shown.—Domicile once clearly established is presumed to continue until change is shown.

8. Wills—Evidence Held to Prove Mental Incompetency.—Evidence held to prove mental incapacity of testator.

M. M. REDWINE, CLAY & HOGGE and A. W. YOUNG for appellant.

WAUGH & HOWERTON and FRED M. VINSON for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

Dr. James H. Harper left Elliott county with his wife in November, 1921, and went to Florida. While there on February 15, 1922, he made his will. Soon after this he returned with his wife to Elliott county, Kentucky, and died there in April, 1922. On April 29, 1922, his will was admitted to probate by the Lee county court, Florida. On June 6, 1922, a certified copy of the will, accompanied with a certified copy of the proceedings in Florida, was ordered probated in the Elliott county court, pursuant to section 4854, Kentucky Statutes, which is in these words:

"When a will of a nonresident relative to estate within this Commonwealth has been proved without the same, an authenticated copy and the certificate of probate thereof may be offered for probate in this Commonwealth. When such copy is offered the court to which it is offered shall presume, in the absence of evidence to the contrary, that the will was duly executed and admitted to probate as a will of personalty in the state or country of the testator's domicile, and shall admit such copy to probate as a will of personalty in this Commonwealth. And if it appears from such copy that the will was proved in the foreign court of probate to have been so executed as to be a valid will of lands in this Commonwealth by the law thereof, such copy may be admitted to probate as a will of real estate."

Three of the heirs at law filed an appeal in the Elliott circuit court from the above order, making the executor and the other heir at law defendants. In the state-

ment of the appeal it was charged that Dr. Harper died a resident of Elliott county, Kentucky, and that the paper probated was not his last will and testament. The contestees filed a response on June 14, 1922, denying that Dr. Harper was a resident of Elliott county and alleging that he was a resident of Lee county, Florida, when he died. At the regular August term of the Elliott county court, 1922, the executor produced in that court the original will, and its execution being duly proved it was, by an order of that court, admitted to probate. On November 17, 1922, the contestees filed a plea in bar, setting up this judgment of the Elliott county court. The plaintiffs filed a demurrer to the plea in bar and this was sustained by the court. Thereafter, at the July term, 1923, the case was tried on the merits. Each party introduced proof, without objection, on the whole case and each presented instructions submitting the whole case to the jury. The jury found that the paper was not the will of Dr. Harper. Judgment was entered upon the verdict. The defendant appeals.

The chief ground relied upon for reversal is that the court erred in sustaining the demurrer to the plea in bar and in refusing to give a peremptory instruction at the conclusion of the evidence, on the ground that the judgment of the Elliott county court at its August term was a bar to the appeal.

Section 4854, Kentucky Statutes, above quoted, only applies to the "will of a nonresident." If Dr. Harper was not a nonresident of Kentucky at his death that section has no application and the county court of Elliott county was without jurisdiction to probate a copy of his will on the record that it had been probated in Florida. If he was a resident of Elliott county the order of the Elliott county court at its April term, 1922, was void. Realizing this the executor, at the August term, 1922, presented the original will of Dr. Harper in the Elliott county court and procured its probate there. This order was valid if Dr. Harper was a resident of Elliott county, but it was invalid if he was not a resident of Elliott county. The purpose of the second judgment was to secure a valid order of probate of the will in either view of his residence.

Properly on the appeal from the order entered in April the only questions presented would be whether Dr. Harper was a resident of Lee county, Florida, and whether the will was shown to be duly probated there.

The fact that the will was afterwards probated in Elliott county in August was no reason why the appeal from the judgment rendered in April should be dismissed. The better course would have been for the contestants to have amended their statement of appeal and set up the August judgment. But the contestees made this unnecessary when, upon the trial of the case, they introduced all the proof on the merits and without objection allowed the contestants to do the same thing. The real questions in the case were whether Dr. Harper was of sound mind at the time the will was made and whether he resided in Florida at his death. Both parties, without objection, introduced all the evidence they had on these questions and treated the whole case as being before the court. The case was tried by both parties as though it was an appeal from both orders of the county court. It is too late to make in this court for the first time objection that the second order of the county court was not appealed from. Section 134 of the Code provides:

> "The court must, in every stage of an action, disregard any error or defect in the proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

This is peculiarly applicable to appeals from the inferior courts to the circuit court, which are regulated by sections 724-729 of the Code, for by these sections this class of cases are more liberally treated than cases brought originally in the circuit court. The contestees are in nowise prejudiced by the way the case was tried. They presented their whole case to the jury in chief before the contestants offered any evidence and so invited the contestants to try the whole case in this way. The case having been fairly tried they cannot complain now of that which in nowise prejudiced them.

On the merits there is little trouble. Dr. Harper lived for many years in Elliott county as a practicing physician. Later in life he bought property in Florida in addition to the property he owned in Elliott county. He and his wife spent their winters in Florida, the rest of the year in Kentucky. They maintained a home in Florida and also maintained a home in Kentucky. In the fall of 1921 the health of both his wife and himself was bad and he was advised to go early to Florida, but

he declined to go until after the election, saying that he wanted to vote at the election. He did vote at the election and then went with his wife to Florida. They had no children. After they had been in Florida for some months the wife wanted to return to Kentucky. He began making arrangements for this purpose and, as testified to by two witnesses, spoke of their returning to Kentucky as going home. They did return to their old home in Kentucky. He died in April and she died in May and they were both buried in Kentucky. The rule is that when a domicile is once clearly established it is presumed to continue until shown to be changed. Clearly under this rule the domicile of Dr. Harper continued to be in Kentucky.

As to his capacity at the time the will was made the proof is so convincing and facts are so clearly established that no complaint is made of the verdict on the appeal and none could well be made. He was suffering from sclerosis or hardening of the arteries and the disease had progressed so far that for some time before he left Kentucky he would not trust himself to practice medicine and according to the great weight of the evidence was in no condition to know his estate or take a survey of it or to know the objects of his bounty and his obligations to them.

Judgment affirmed.