## Riggs et al. v. Rankins' Executor et al.

(Decided May 7, 1937.)

M. C. REDWINE for appellants.
RODNEY HAGGARD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Affirming.

Appellants, plaintiffs below, brought this suit in the Clark circuit court to recover of the appellees the sum of $500 under the alleged will of Larue Rankin, who died January 9, 1934. No certified or otherwise authenticated copy of the will appears in the record, and we have only the allegations of plaintiffs' petition and what purports to be a copy of the will, and from these documents it appears that by the terms of the alleged will dated April 25, 1917, decedent, Larue Rankin, gave and devised all her property to her niece, Elizabeth Keytt Bush (with certain conditions and contingencies, which are not involved or in issue in this case). Decedent named James Fox and Claude Shimfessel executors of her will, but later, by a codicil dated February 11, 1925, she canceled and withdrew from her original will the names of Fox and Shimfessel as executors and named in their stead H. M. Scott, husband of Elizabeth Keytt Bush, executor of her will. It appears, however, that Scott failed to qualify as executor and no administrator with the will annexed was appointed, nor any administration had upon the estate of the decedent. By another codicil dated January 3, 1933, decedent modified her original will and devised to her brother, A. R. Rankin, the sum of $500 absolutely and directed that said sum be paid to him as soon after her death as possible. A. R. Rankin died December 16, 1933, or about twenty-five days before the death of the decedent, Larue Rankin, leaving surviving him two children, who are the appellants in this action, and in May, 1935, they brought this action for the purpose stated above.

Plaintiffs' petition sets out the terms of the will and the deaths of Larue Rankin and A. R. Rankin, respectively, and alleged that on account of the death of

their father, A. R. Rankin, who predeceased Larue Rankin, all rights and privileges in and to the said bequest of $500 descended to and is now vested in the plaintiffs and that the defendant H. M. Scott is the husband of Keytt Scott, the same person mentioned in the will and named as executor thereof, but that Scott did not qualify as executor, but should have done so and an administrator with the will annexed should be appointed and required to qualify, and administer upon the estate of the decedent, Larue Rankin, who died the owner of property in Clark county which was the only property owned by her at the time of her death. They further alleged that the defendants are nonresidents of Kentucky and reside in Lebanon, Ohio, and they made the usual allegations for a warning order which was issued, and defendants are only constructively before the court. They also alleged that the defendants have taken possession of the property of decedent, Larue Rankin, and are claiming to be the owners of same to the exclusion of plaintiffs; that they have a right to $500 of the property; and that the defendants are wrongfully withholding the said legacy and bequest of said amount in violation of the rights of plaintiffs. They made the usual allegations for an attachment on the ground that defendants are nonresidents and an order of attachment was issued and Wilbert Berryman of Clark county, Ky., an alleged debtor of the estate of Larue Rankin, was summoned as garnishee. They prayed judgment against defendants for $500 with interest from January 1, 1935.

Special demurrer was sustained to the petition, but on the following day the order sustaining the special demurrer was set aside and plaintiffs were permitted to file their amended petition in which they allege that the defendants wrongfully and without right took the will of Larue Rankin from a safe in the clerk's office in Clark county and took it to Lebanon, Ohio, and there had same probated; that by reason thereof they became indebted to plaintiffs in the sum of $500; that defendants have received said amount from the estate of Larue Rankin, and that they are responsible and liable to plaintiffs for said amount; and that by reason of the facts set out in the petition and petition as amended defendants are indebted to plaintiffs in the sum of $500. The case was resubmitted on the special demurrer and the court again sustained the demurrer to the petition.

as amended and entered an order dismissing same. Plaintiffs have appealed.

The order of the chancellor sustaining the demurrer and dismissing the petition does not specify or set out the grounds therefor, but presumably because the alleged will of Larue Rankin had not been admitted to probate in the Clark county court. It is alleged in the petition that decedent, Larue Rankin, died a citizen and resident of Clark county, Ky., and all property that she owned was and is in that county. It is alleged by plaintiffs in their amended petition, and by defendants as a ground for the special demurrer, that defendants took the will of the decedent, Larue Rankin, to the state of Ohio and had it probated in the Warren county probate court of that state, but no certified copies of the orders of the Warren county probate court of Ohio appears in this record.

Section 4852, Kentucky Statutes, provides that no will shall be received in evidence until it has been admitted to probate by a county court; and, under section 4849, Kentucky Statutes, all wills must be probated in the county court of the county of testator's residence and no other court has probate jurisdiction. It has been held, however, that a testamentary writing not admitted to record may be admissible, not as a will or a contract, but as an acknowledgment which might imply a liability. Thomas v. Arthur, 7 Bush (70 Ky.) 245; Montgomery's Adm'r v. Miller, 4 B. Mon. (43 Ky.) 470. But the present case does not come within the rule, supra. The alleged will of the decedent is pleaded as evidence of the alleged indebtedness of defendants to the plaintiffs and plaintiffs base their action solely upon the alleged will which does not purport to imply an acknowledged liability of defendants to plaintiffs.

If Larue Rankin died a resident of Clark county, Ky., as alleged in plaintiffs' petition, then the county court of that county was the proper forum in which to probate the will, and, conceding that the will had been probated in Ohio as alleged in the amended petition, such attempted probation was void (Green v. Moore et al., 206 Ky. 724, 268 S. W. 337) and, therefore, the will has not been probated at all, and for that reason it cannot be used as evidence or made the basis of a recovery until it has been admitted to probate in the county court of the decedent's residence. A circuit court has no pow-

er to pro'bate a will other than that probated or rejected by a county court (Central Trust Co. of Owensboro v. Bennett et al., 208 Ky. 281, 270 S. W. 821), and the alleged unprobated will being inadmissible as evidence of plaintiff's alleged claim against defendants, it follows that the court properly sustained the demurrer to the petition and petition as amended.

Judgment affirmed.