Virginia R. GORDON, Plaintiff-Appellant,

v.

HOLLY WOODS ACRES, INC.,
Defendant-Appellee.

HOLLY WOODS ACRES, INC.,
Plaintiff-Appellant,

v.

Virginia R. GORDON, Defendant-
Appellee (two cases).

Nos. 15292, 15369, 15408.

United States Court of Appeals
Sixth Circuit.

March 2, 1964.

Sol Goodman, Cincinnati, Ohio (Goodman & Goodman, Cincinnati, Ohio, Davies & Hirschfeld, Newport, Ky., on the brief), for Virginia R. Gordon.

Charles E. Lester, Newport, Ky. (Lester & Riedinger, Newport, Ky., on the brief), for Holly Woods Acres, Inc.

Before MILLER and WEICK, Circuit Judges, and DARR, Senior District Judge.

DARR, Senior District Judge.

Mrs. Virginia R. Gordon is the widow of Albert D. Gordon, who died December 18, 1958. Mr. Gordon for years prior to his death was a real estate broker with offices in Cincinnati, Ohio. Mrs. Gordon worked in his office and was active in dealing in real estate along with her husband. She held an agent's license under his broker's license.

Prior to October 2, 1952, Mr. Gordon had been engaged to secure a buyer for a tract of land, consisting of approximately 107 acres, in Ft. Thomas, Kentucky. In the course of time Mr. Gordon induced Mr. J. Julian Bowman to purchase this tract of land. The sale was consummated by the execution of a deed on October 2, 1952, conveying this tract of land to "Julian J. Bowman, Trustee."

Mr. Bowman agreed to pay the purchase price for the land, part in cash and the balance on credit. The full amount was paid long before this litigation was begun.

On the same day that the real estate was transferred, October 2, 1952, J. Julian Bowman entered into an agreement with Mr. Gordon whereby it was agreed that Mr. Gordon would give his time and attention to the development of the tract of land for residential purposes and would use his best efforts to sell building lots on terms agreeable to Mr. Bowman. It was further agreed that Bowman would "be entitled to the gross proceeds of all sales hereunder until he shall have recovered the full amount paid by him toward the purchase of said real estate, including principal, interest, real estate taxes, expenses and carrying charges of every kind pertaining to this development only." It was further agreed that after Mr. Bowman had been paid the purchase price of the tract and expenses, the proceeds from all sales thereafter would be divided between Mr. Gordon and Mr. Bowman equally. The contract contemplated that Mr. Gordon had the right to make sales of lots until the entire 107-acre tract was sold.

Thereafter a corporation was formed under the name of Holly Woods Acres, Inc., Mr. Bowman being the principal stockholder and president. On January 15, 1953, Mr. Bowman personally transferred the tract of land, or the balance thereof, to Holly Woods Acres, Inc., and on the same day Mr. Bowman, acting for himself and for Holly Woods Acres, Inc., made an assignment to Holly Woods Acres, Inc., of the contract between Mr. Gordon and him.

Mr. Gordon had developed the land to some extent before his death and had made some sales. He had also been negotiating for the sale of a portion of the land to the Colonial Stores. After his death, Mrs. Gordon continued the negotiations and after a considerable length of time was able to sell to the Colonial Stores and received a check for $105,-000.00. Mrs. Gordon delivered the check to Mr. Bowman as President of Holly Woods Acres, Inc. The claim is that this $105,000.00 finished paying to Mr. Bowman the amount of the purchase price for the land, including expenses, and there remained approximately $50,000.00. Mrs. Gordon insisted that she was entitled to one-half of the amount left after the purchase price for the land and the expenses had been paid to Mr. Bowman, and to this Bowman did not agree. Out of this disagreement these law suits resulted.

Mr. Gordon left a will in which Mrs. Gordon was made the sole devisee and legatee of his net estate. At the time of Mr. Gordon's death, he and Mrs. Gordon were residents of the State of Kentucky.

Mr. Gordon had property in Hamilton County, Ohio and under the provisions of the Ohio Revised Code, Section 2107.-11, his will was admitted to probate in Hamilton County, Ohio. At the time these suits were heard in the trial court the will had not been probated in the State of Kentucky.

For some two years after her husband's death, Mrs. Gordon continued acting under the contract by devoting her time and efforts to the development and sale of the property. Holly Woods Acres, Inc. and Mr. Bowman accepted her services.

The probate proceedings in Hamilton County, Ohio, proceeded to a conclusion with the entry of an order by the Probate Court distributing in kind to Mrs. Gordon the personalty which included the contract upon which this suit was brought. Mrs. Gordon then instituted her suit individually as the owner of the contract by virtue of her husband's will and the order of distribution.

The appellee filed a counterclaim in the case with No. 15,292 seeking to recover $19,000.00. The trial judge ruled that there was no proof to sustain the counterclaim and entered a judgment dismissing it. Appellee filed no cross-appeal from the order dismissing the counterclaim or with respect to any other rulings made by the court.

APPEAL No. 15,292

The District Judge admitted the will in evidence at the trial[1] and also the application and order of the Probate Court of Hamilton County, Ohio distributing the personalty in kind to the widow.[2]

In his memorandum opinion, the District Judge, however, decided that the will was not admissible in evidence because it had not been admitted to probate in Kentucky. He relied on K.R.S. 394.140, 394.130 and 394.150; Riggs v. Rankins' Executor, 268 Ky. 390, 105 S.W.2d 167; Green, Executor v. Moore, 206 Ky. 724, 268 S.W. 337. He dismissed the complaint on the sole ground that plaintiff had not established her ownership of the contract sued upon. He did not pass upon the merits of the case.

In our opinion, the Probate Court of Hamilton County, Ohio had jurisdiction to admit the will of a nonresident decedent to probate and administer property of such decedent, real and personal, located in the State of Ohio. Baker v. Baker, Eccles & Co., 242 U.S. 394, 37 S. Ct. 152, 61 L.Ed. 386.

The Ohio statute expressly provided for such a situation:

"§ 2107.11 Jurisdiction to probate.

"A will shall be admitted to probate:

"(A) In the county in which the testator was domiciled if, at the time of his death, he was domiciled in this state;

"(B) In any county of this state where any real or personal property of such testator is located if, at the time of his death, he was not domiciled in this state, and provided that such will has not previously been admitted to probate in this state or in the state of such testator's domicile.

"For the purpose of this section, intangible personal property is located in the place where the instrument evidencing a debt, obligation, stock, or chose in action is located or if there is no such instrument where the debtor resides."

The contract sued on constituted intangible personal property, i. e., a chose in action. Ordinarily, the situs of personal property is the domicile of the owner under the principle of mobilia sequuntur personam. Baldwin v. Missouri, 281 U.S. 586, 50 S.Ct. 436, 74 L.Ed. 1056; Farmers' Loan & Trust Co. v. Minnesota, 280 U.S. 204, 50 S.Ct. 98, 74 L.Ed. 371. This is subject, however, to an exception where the intangible has acquired a business situs which is different from the domicile of the owner. First Bank Stock Corporation v. Minnesota, 301 U.S. 234, 57 S.Ct. 677, 81 L.Ed. 1061; Restatement, Conflict of Laws § 52; 9 O.Jur.2d Conflict of Laws § 79. If, at the time of Mr. Gordon's death, the contract in suit was located in his business office in Cincinnati, then the Probate Court of Hamilton County, Ohio had jurisdiction to administer it as part of the assets of the decedent in Ohio. First Bank Stock Corporation v. Minnesota, supra. On the other hand, if the contract was at that time located in Kentucky, then the Ohio Probate Court would have no jurisdiction over it.

The evidence in the present case is not clear as to where the contract in question was physically located at the time of Mr. Gordon's death. The District Court adopted no findings of fact or conclusions of law relative thereto. Nor did he determine the force and effect of the order of distribution made by the Probate Court of Hamilton County. Upon the remand, evidence should be taken with respect to this issue and findings of fact and conclusions of law adopted.

Appellee seeks to support the ruling of the District Court on the ground that the order of the Probate Court of Hamilton County admitting the will to probate was not properly authenticated as required by law but was only certified to by a deputy clerk of the Probate Court. 28 U.S.C. § 1738; K.R.S. 422.040; Allen v. Commonwealth, 272 Ky. 533, 542–543,

---

1. Appellant's appendix p. 21a.

2. Appellee's appendix, p. 45b.

**256**

114 S.W.2d 757; Hazelwood v. Woodward, 277 Ky. 447, 126 S.W.2d 857; Evans v. Brown, Ky., 259 S.W.2d 62. But the District Judge did not deny admission of the will in evidence on the ground that it had not been properly authenticated. He did not question its identification. Had he refused to admit the will on this ground appellant would have had an opportunity to procure an authentication of it. A decision of this case on its merits ought not to be avoided on the basis of any such technicality. It would be contrary to the spirit of the Federal Rules of Civil Procedure. Foman v. Davis, Executrix, 371 U.S. 178, 181, 83 S.Ct. 227, 9 L.Ed.2d 222; Barron & Holtzoff-Wright, Federal Practice & Procedure, Rules Edition Vol. 1 p. 588 et seq. Upon retrial, all records of the Ohio Probate Court relied upon should be authenticated.

The judgment of the District Court in No. 15,292 is vacated and the cause remanded for further proceeding not inconsistent with this opinion.

### APPEAL No. 15,369

Appeal No. 15,369 was taken by plaintiff-appellant, Holly Woods Acres, Inc. from the refusal of the district judge to grant a temporary injunction against the prosecution of her lawsuit in the Common Pleas Court of Hamilton County, Ohio. However, a member of this Court did grant a temporary restraining order pending the determination of No. 15,292. The issue has, therefore, become moot.

The judgment in No. 15,369 is affirmed.

### APPEAL No. 15,408

The appeal in No. 15,408 was taken from the district court's refusal to grant a summary judgment seeking a permanent injunction against the prosecution of the case in the Hamilton County, Ohio Common Pleas Court instituted by Mrs. Virginia R. Gordon as executrix appointed by a probate court in Ohio and as executrix appointed by a Kentucky probate court, relative to the same subject matter as recited in the appeal with No. 15,292. Prior to the institution of the suit in the state court of Ohio and after the judgment in the case with No. 15,292, Mrs. Gordon had the will of her husband probated in the proper court of Kentucky and by proper order of the court had the estate reopened in the Ohio probate court.

The basis of appellant's claim for injunction was that the judgment in No. 15,292 operated as an adjudication of Mrs. Gordon's claim. Since the judgment has been vacated, this constituted an additional reason why no injunction should be granted.

The judgment in No. 15,408 is, therefore, affirmed.