587 P.2d 796 (1978)
In the Matter of the ESTATE of John Rowland Nelson WIMBUSH, a/k/a John R. N. Wimbush, a/k/a Rowland N. Wimbush, Deceased.
Penington Rowland Hugh WIMBUSH and Lynda Wimbush Woodrich, Petitioners-Appellants,
v.
Lucille C. WIMBUSH, Caveatrix-Appellee, and
Anthony F. Zarlengo, Personal Representative-Appellee.
No. 77-771.
Colorado Court of Appeals, Div. III.
August 31, 1978.
Rehearing Denied October 12, 1978.
*797 Eagan & Moore, Eugene R. Eagan, Davis W. Moore, Jr., Denver, for petitioners-appellants.
Gorsuch, Kirgis, Campbell, Walker & Grover, Kenneth G. Christianssen, Denver, for caveatrix-appellee.
No appearance for personal representative-appellee.
BERMAN, Judge.
Petitioners, Penington Rowland Hugh Wimbush and Lynda Wimbush Woodrich, appeal from an order of the Denver Probate Court denying probate of a will of their father, John Rowland Nelson Wimbush. We reverse.
The following facts are stipulated. At the time of his death on January 25, 1975, the decedent was a resident and domiciliary of Honolulu, Hawaii. In addition to his children, the petitioners, the decedent was survived by his wife, Lucille C. Wimbush, caveatrix in the Colorado proceedings below.
On February 6, 1975, First Hawaiian Bank of Honolulu (the Bank) petitioned the First Circuit Court of Hawaii for probate of a will validly executed by the decedent. Notice of the hearing on that matter was made by publication pursuant to law and also by mailings to petitioners. In response to these mailings, petitioners executed and filed waivers of further notice to matters with regard to that hearing.
The Bank, however, subsequently sought and obtained an order dismissing its petition for probate of the subject will, on the basis that, pursuant to Haw.Rev.Stat. § 536-11, decedent's marriage to his wife subsequent to the will's execution revoked the will by operation of law. Petitioners were given no notice of that dismissal.
On March 27, 1975, the wife sought letters of administration of decedent's estate from the same Hawaiian court. Finding decedent had died intestate and a resident of Honolulu, the court, on April 28, 1976, appointed the wife and the Bank as co-administrators. Notice of the hearing was effected by publication pursuant to Haw. Rev.Stat. § 531-12. No mailings were sent to petitioners, however, although the wife and the Bank were aware of petitioners' names and addresses.
Since the decedent owned real property in Colorado, on July 18, 1975, the wife and the Bank petitioned the Denver Probate Court for an adjudication of decedent's intestacy and for appointment of a personal representative for the ancillary estate. Before the court ruled on the request for an adjudication of intestacy, petitioner Penington Wimbush proffered the subject will for formal probate, and the wife subsequently filed a caveat to the will.
*798 On April 27, 1977, the Denver Probate Court denied probate of the subject will, and this appeal followed.

I.
Petitioners first challenge the probate court's determination that "all parties in interest were given proper notice . . . and [were] afforded an opportunity for contest" in the Hawaiian proceedings, such that the court was required by § 15-12-408, C.R.S.1973, to accept the decree of the Hawaiian court declaring the subject will revoked. We agree that the notice afforded petitioners was insufficient to activate the provisions of that statute.
At the outset, we reject the suggestion of the caveatrix that the notice by publication in accordance with the Hawaiian statutes was, in itself, adequate to legitimize the Hawaiian proceedings. The Supreme Court of Hawaii has itself recognized that such notice by publication in estate proceedings is constitutionally insufficient and inconsistent with Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950), and must be supplemented by personal service or mailing to interested persons whose names and addresses are known, or by reasonable diligence can be ascertained. Freitas v. Gomes, 52 Haw. 145, 472 P.2d 494 (1970), construing Haw.Rev.Stat. § 531-14. We agree with that court's constitutional determination, and hold that the "notice" and "opportunity for contest" provisions of § 15-12-408, C.R.S.1973, require no less. See also § 15-10-401, C.R.S.1973. Since it is undisputed that petitioners' names and addresses were known to the wife and the Bank, notice by publication alone cannot support the probate court's invocation of § 15-12-408, C.R.S.1973.
The caveatrix argues, however, that it was sufficient that in the first Hawaiian proceeding in which the Bank petitioned for probate of the subject will petitioners were afforded notice of the hearing by mailing as well as by publication, and executed and filed waivers of further notice of matters with regard to that hearing.' This argument is not persuasive for several reasons.
Preliminarily, we observe that Mullane v. Central Hanover Bank & Trust Co., supra, itself suggests that an obligation to provide continuing, periodic notice of steps affecting the interests of persons whose names and addresses are known may be constitutionally impelled in certain circumstances.
Further, here, petitioner's interest significantly differed in the various Hawaiian proceedings. As their counsel argued to the probate court, "in the matter relating to probate of the will . .. [petitioners] were, inasmuch as the will itself protects them, . . . of course delighted with having the will admitted . . ., and went back to [their] homeland." Yet just as clearly, their interest was opposed to the dismissal of the petition for probate and a declaration of decedent's intestacy. In such circumstances, to construe their waiver of further notice of the admission to probate hearing to include waiver of notice of the subsequent dismissal and intestacy proceedings would, in our view, be fundamentally unfair. See Michels v. Clemens, 140 Colo. 82, 342 P.2d 693 (1959).
We therefore conclude that the probate court erred in ruling that § 15-12-408, C.R.S.1973, required recognition of the Hawaiian court's declaration that the subject will had been revoked by decedent's subsequent marriage.

II.
The probate court ruled, however, that even if § 15-12-408, C.R.S.1973, were not controlling, Colorado conflict of laws principles require that Hawaiian law be applied to determine whether decedent had died intestate. In so ruling, the court relied on First National Bank v. Rostek, 182 Colo. 437, 514 P.2d 314 (1973) in which the Colorado Supreme Court abandoned mechanical application of the traditional choice of law rule, the lex loci delicti, in multistate tort cases and adopted in its place the "most significant relationship" approach of the Restatement (Second) of Conflicts.
*799 "[F]or reasons of certainty and convenience and for the sake of . . . title recording systems" as well as for historical reasons, Restatement, supra § 222 (1971), the Restatementapproach to conflicts regarding the validity of a will affecting an interest in land contemplates deviation from the traditional choice of law rule, the lex sitae (the law of the situs), only in unusual circumstances. Section 239 of the Restatement provides:
"(1) Whether a will transfers an interest in land and the nature of the interest transferred are determined by the law that would be applied by the courts of the situs. (2) These courts would usually apply their own local law in determining such questions."
In particular, Comment i of that section states that in "determining] whether [a] will has been entirely or partially revoked by operation of law, such as by marriage . . . [t]he courts of the situs . . . usually apply their own local law." And, an introductory note to § 222 (topic 2) observes that situs courts have usually applied "their own local law to determine the validity of a will insofar as it affects interests in local land even though the testator died domiciled in another state."
In the instant case, we find no unusual circumstances or predomination of contacts in Hawaii that would justify deviation from the favored lex sitae. While the caveatrix is apparently a Hawaii resident, the petitioners are residents of California and Florida. Moreover, the Hawaiian statute in issue had apparently been only recently amended to revoke the will of a male testator upon his subsequent marriage, an amendment even the decedent's attorney testified he was unaware of until after decedent's death. Thus, here, the policy of promoting a decedent's expectations does not militate for application of the substantive law of the decedent's domicile.
We adopt the Restatement of Conflicts, supra, regarding the transfer of an interest in land and hold that Colorado substantive law is required to be applied here. Since Colorado law does not revoke in its entirety the will of a testator who married subsequent to its execution, see § 15-11-508, C.R.S.1973, but See § 15-11-301, the probate court erred in denying the subject will admission to probate.
Judgment reversed and cause remanded for further proceedings consistent with the views expressed herein.
PIERCE and KELLY, JJ., concur.