814 P.2d 138

**In re the Protective Proceeding for Frederick STROZZI, Respondent–Appellee,**

**Mikel Schoonover, Petitioner–Appellant.**

No. 11266.

Court of Appeals of New Mexico.

May 14, 1991.

Rolf A. Melkus, Thomas L. Popejoy, Popejoy & Leach, P.C., Albuquerque, for petitioner-appellant.

Lee E. Peters, Martin, Cresswell, Hubert, Hernandez & Roggow, P.A., Las Cruces, for respondent-appellee.

## OPINION

HARTZ, Judge.

On motion for rehearing, the opinion previously filed is hereby withdrawn and the opinion filed this date is substituted therefor.

This case presents issues of first impression concerning the *res judicata* effects of a proceeding seeking to create a guardianship and conservatorship. We hold that, in general, a judgment in an action to appoint a guardian or conservator for an allegedly incompetent person is conclusive on all persons who had an opportunity to be a party to the action. A substantial change in circumstances, however, may justify reconsideration of the status of the allegedly incompetent person. Because of a procedural error, we must remand for further proceedings.

## I. BACKGROUND

On August 7, 1987, Dean Thomas filed a petition to create a guardianship and conservatorship for Fred Strozzi, his great uncle. His attorney mailed a copy of the Amended Petition for Appointment of Guardian and Conservator and a notice of hearing on the petition to all of Strozzi's known relatives, including appellant Mikel Schoonover. Schoonover received no further notices regarding the case; he did not enter an appearance, expressly waive further notice, or participate in the case. On March 7, 1988, the district court entered an Order of Dismissal with Prejudice and a Stipulated Order that incorporated an Agreement and Stipulation. The agreement set forth certain limitations on Strozzi's authority to handle his affairs. A third-party was given a limited power of attorney and was directed to perform such duties as (1) function as a trustee for Strozzi with respect to virtually all of his property, (2) co-sign any document affecting any real property of Strozzi, and (3) assure that major assets were insured. The Stipulated Order recited that Strozzi was competent, not incapacitated, and able to manage his property and affairs effectively.

On April 28, 1988, Schoonover filed the petition in the present case, which requested essentially the same relief as Thomas's petition. The district court dismissed the petition with prejudice on December 19, 1988. The court held that Schoonover was

bound by the Order of Dismissal in the prior proceeding. It also held that the prior judgment adequately protected Strozzi even if he was incapacitated or incompetent, although the court specifically stated that it was not deciding whether he was in such condition.

## II. DISCUSSION

### A. *Was Schoonover bound by the prior orders?*

■ Schoonover was not a party to the prior proceeding. Ordinarily, one is not bound by a judgment in a proceeding in which one was not a party or in privity with a party. *See Silva v. State*, 106 N.M. 472, 474, 745 P.2d 380, 382 (1987). Strozzi contends that Schoonover was in privity with Thomas, the petitioner in the prior proceeding. The only relationship between Thomas and Schoonover that appears in the record is that they are brothers. We would hesitate to base our decision on a determination that their relationship established the privity necessary to apply the doctrine of *res judicata.*

■ In any event, we need not reach that issue. The usual rules regarding what parties are bound by a prior judgment do not apply to judgments determining status. The general rule with respect to such judgments is: "A judgment in an action whose purpose is to determine or change a person's status is conclusive with respect to that status upon all other persons[.]" *Restatement (Second) of Judgments* § 31(2) (the "*Restatement*"). This rule applies to the Stipulated Order in the case filed by Thomas. Comment a to Section 31 states: "Proceedings for the determination of status include * * * proceedings for appointment of a conservator or guardian of property for a person who lacks capacity to manage his own affairs[.]"

The rule stated in Section 31 has the obvious desirable purpose of preventing repeated litigation that could harass and wear down an individual whose status is at issue. We agree that "the determination of a status in a proceeding for that purpose [should be] conclusive on all persons except where strongly countervailing interests ought to be given precedence." *Restatement* § 31 comment b.

Are there such countervailing interests in this case? Although neither party relied on the *Restatement* in the appellate briefs, Schoonover raised contentions that relate to two exceptions expressly stated in Section 31(2).

#### 1. Probate Code does not prohibit binding Schoonover.

■ First, Schoonover contends that he cannot be bound because he is not one of the persons specifically listed by the New Mexico Probate Code as being bound in a conservatorship or guardianship proceeding. The applicable exception in *Restatement* Section 31(2) is:

(b) When a statute, rule of court, or provision of the judgment itself limits the effect of the judgment with respect to other persons, the effect of the judgment is limited accordingly[.]

Schoonover points to NMSA 1978, Section 45–1–403, which states:

In judicial proceedings involving trusts, or estates of decedents, minors, protected persons or incapacitated persons, and in judicially supervised settlements, the following apply:

*    *    *    *    *    *

B. Persons are bound by orders binding others in the following cases:

(1) orders binding the sole holder or all co-holders of a power of revocation or a presently exercisable general power of appointment, including one in the form of a power of amendment, bind other persons to the extent their interests, as objects, takers in default, or otherwise, are subject to the power;

(2) to the extent there is no conflict of interest between them or among persons represented:

(a) orders binding a conservator bind the person whose estate he controls;

(b) orders binding a guardian bind the ward if no conservator of his estate has been appointed;

(c) orders binding a trustee bind beneficiaries of the trust in proceedings to probate a will establishing or adding to a trust, to review the acts or accounts of a prior fiduciary, and in proceedings involving creditors or other third parties; and

(d) orders binding a personal representative bind persons interested in the undistributed assets of a decedent's estate in actions or proceedings by or against the estate. If there is no conflict of interest and no conservator or guardian has been appointed, a parent may represent his minor child;

(3) an unborn or unascertained person who is not otherwise represented is bound by an order to the extent his interest is adequately represented by another party having a substantially identical interest in the proceeding[.]

Schoonover seems to suggest that this paragraph is intended to be exclusive, so that no other third-parties can be bound by an order.

No New Mexico precedent addresses this issue. Although other states have statutes similar to ours, which is taken from the Uniform Probate Code Section 1–403(B), we have not found any foreign cases in point. Nor does the official comment to the Uniform Probate Code address whether the paragraph is intended to be exclusive.

In our view, Section 45–1–403(B) is not exclusive. The wording of the paragraph is not language of exclusivity. The paragraph does not say "persons are bound by orders binding others *only* in the following cases." Nor do we see any reason why we should read language of exclusivity into the section. The purpose of the paragraph appears to be to make absolutely clear that certain persons are bound, not to prevent others from being bound. To read the paragraph as exclusive would lead to results that are highly unlikely to have been intended by the legislature. For example, Section 45–1–403(B) does not explicitly state that a successor conservator may be bound by an order against the original conservator or that a judgment may bind an heir. Surely the Probate Code did not intend to set aside such deeply rooted rules. Although not directly controlling, NMSA 1978, Section 45–1–304 strongly suggests the approach we should adopt. That section reads:

Unless specifically provided to the contrary in the Probate Code, or unless inconsistent with its provisions, the Rules of Civil Procedure govern formal and informal proceedings under the code.

The same standard should govern the applicability of common-law procedural rules even though they have not been codified by our supreme court. In other words, common-law procedural rules govern probate proceedings unless they are inconsistent with the Probate Code. That standard requires that Section 45–1–403 not be read as exclusive. We cannot fathom how the purposes of the Probate Code would be advanced by refusing to apply the common law to bind additional third parties to a judgment or order.

Because Section 45–1–403(B) does not use language of exclusivity and because we can discern no reason why it should be interpreted as exclusive, we hold that the exception stated in *Restatement* Section 31(2)(b) does not apply.

### 2. Notice.

■ Second, Schoonover contends that he should not be bound by the first judgment because he was not adequately advised regarding the prior proceeding. Schoonover was not served with a pleading making him a party to the original action. He was merely mailed a copy of the petition and a notice of a hearing. The hearing was continued to a later time, but Schoonover did not receive notice of the schedule change or of any other action in the case. In particular, Schoonover claims that he should have received notice of the agreement and stipulation between Thomas and Strozzi prior to the time it was entered in the first case, especially since it differed from the relief sought in the original petition.

The concern raised by Schoonover is addressed by the exception stated in *Restatement* Section 31(2)(a), which states: "If a

person has, under applicable law, an interest in such status such that he is entitled to contest its existence, the judgment is not conclusive upon him unless he was afforded an opportunity to be a party to the action[.]" Without deciding whether Schoonover has "an interest in [Strozzi's competence] such that he is entitled to contest its existence," we hold that he was afforded satisfactory opportunity to be a party to the original action.

A person need not be served with process or notified of every hearing in a proceeding in order to satisfy Section 31(2)(a). In the proceedings of the American Law Institute prior to adoption of Section 31, the reporter for the *Restatement* said: "I think that the term 'afforded an opportunity' means that there was some means used to apprise him of the litigation and his rights to participate in it." 53 A.L.I.Proc. 303 (1976). In the absence of any contention by Schoonover that he did not understand that he could seek to participate in the original proceeding, we hold that the notice was adequate.

Schoonover relies on *In re Estate of Wimbush*, 41 Colo.App. 289, 587 P.2d 796 (1978). In that case a bank petitioned for probate of a will validly executed by the decedent, who was survived by his wife. The decedent's children were mailed notice of the hearing on the petition. In response they executed and filed waivers of further notice. Later, however, the bank obtained an order dismissing its petition for probate on the ground that the will had been revoked by operation of law when decedent subsequently married his wife. Thereafter, the wife sought letters of administration of decedent's estate. The Hawaii court, finding that decedent had died intestate, appointed the wife and the bank as co-administrators. Notice of that proceeding was effected by publication. The children were not mailed any notice.

Because the decedent had owned real property in Colorado, the wife and the bank petitioned a Denver court for adjudication of decedent's intestacy and for appointment of a personal representative for the ancillary estate. The children then proffered decedent's will for formal probate, which the wife contested. The Colorado court held that the children were not bound by the Hawaii judgment, holding: "[T]o construe [the children's] waiver of further notice of the admission to probate hearing to include waiver of notice of the subsequent dismissal and intestacy proceedings would, in our view, be fundamentally unfair." *Id.* at 292, 587 P.2d at 798.

We need not decide whether we would follow *Wimbush*. The original judgment in this case was the result of only one lawsuit. We see nothing "fundamentally unfair" in binding Schoonover to the original judgment with respect to Strozzi's status. The ultimate result may not have been what Schoonover anticipated when he received a copy of the petition, but such is the nature of litigation. We will not modify *Restatement* Section 31(2)(a) to read, "The judgment is not conclusive upon him unless he was afforded an opportunity to be a party to the action *and the result of the case was in accordance with his expectations*."

### B. *Prospective Effect of Original Judgment.*

■ Although Schoonover is bound by the judgment in the first proceeding, that proceeding does not determine Strozzi's competence for all time. A final judgment that grants or denies continuing relief may no longer control if there has been a substantial change in circumstances. *See Restatement* § 13 comment c, § 24 comment f, § 27 comment c, § 73.

■ In support of his petition, Schoonover offered affidavits asserting that Strozzi had become substantially more impaired after the date of the judgment in the first proceeding. On the other hand, the district court's order stated, "A guardian and/or conservator are not required simply because of a person's incompetency. Due to the judgment in the prior proceeding, respondent Strozzi does not need additional protection, even if he is incapacitated or incompetent, which is not being decided."

We assume, without deciding, that the district court could properly deny Schoonover's petition if it determined that the prior judgment adequately protected Strozzi even if Strozzi was incapacitated and

incompetent. Such a determination should not be made, however, without giving Schoonover an opportunity to present argument and evidence on the subject.

The district court erred in rendering its ruling before Schoonover could offer his position on the adequacy of the prior judgment to protect Strozzi. Schoonover received no notice that the issue was under consideration by the court. No pleading by any party suggested that the prior judgment would adequately protect Strozzi regardless of his competence. In essence, the district court granted Strozzi a summary judgment without the requisite notice and hearing. *See* SCRA 1986, 1–056.

Therefore, we remand for further proceedings. Given the lapse of time since the entry of the order under appeal, we will not constrain the district court's sound discretion concerning the sequence in which to hear the issues raised. We require only that the matter not be disposed of without giving the parties proper notice and opportunity to be heard.

C. *Rule 1–011 sanctions.*

Finally, we deny Strozzi's request for sanctions pursuant to SCRA 1986, 1–011. To preserve this issue, Strozzi was required to file a cross-appeal. No cross-appeal was filed.

III. CONCLUSION

In conclusion, we add one note of caution. This case has an unusual procedural setting. We have addressed several issues raised by the parties in their briefs. Our silence with respect to any other procedural questions which may appear to arise from the facts in this case should not be taken as constituting approval or sanction for the procedures employed. We reverse and remand for further proceedings consistent with this opinion. We deny the motion for rehearing.

ALARID, C.J., and CHAVEZ, J., concur.