DECISION.
This appeal is taken from the judgment of the probate court setting aside the admission of David R. Berry's will to probate in Ohio based upon a ruling by a Kentucky court that the will could not be admitted to probate in Kentucky. We reverse.
 Facts
David R. Berry's last will and testament was executed August 3, 1972. The defendants-appellants were named beneficiaries under the will. At some point after executing the will, Berry married Gloria Thomas.
At one time, Berry had resided in Ohio. But when Berry died on January 30, 1998, he was a resident of Campbell County, Kentucky. His estate included real property located in Ohio.
At the time of Berry's death, Ky.Rev.Stat.Ann. 394.090 provided that "every Will shall be revoked by the marriage of the person who made the Will * * *."[1] Basing its decision upon that statute, a Kentucky district court found that Berry's will had been revoked by his marriage to Gloria Thomas, and denied admission of the will to probate.[2]
In July 1998, Berry's will was admitted to probate in Hamilton County, Ohio, for purposes of administering the real property located in this state. In January 1999, Olivia Thomas filed an action against the defendants-appellants in the Hamilton County probate court to declare the will invalid and to set aside its admission to probate.
Both sides filed motions for summary judgment. Olivia Thomas contended that, because the will had been denied admission to probate under Kentucky law, R.C. 2107.48 required that the will be denied admission to probate in Ohio as well. The defendants-appellants, on the other hand, claimed that the will was valid under Ohio law.
The probate court granted summary judgment in favor of Olivia Thomas under R.C. 2107.48, which provides the following:
 There shall be no proceeding in this state to contest a will executed and proved according to the law of another state or of a foreign county, relative to property in this state; but if such will is set aside in the state or country in which it is executed and proved, it shall be invalid in this state as to persons claiming under it who have notice of its being set aside, and invalid as to all other persons from the time an authenticated copy of the final order or decree setting it aside is filed in the office of the probate judge of the court in which the will is recorded.
 The probate court held that, pursuant to R.C. 2107.48, Berry's will was invalid because the Kentucky court had determined that it was invalid under Kentucky law. The probate court set aside the admission of Berry's will to probate and ordered the administrator of Berry's estate to proceed as if Berry had died intestate.
In a single assignment of error, the defendants-appellants argue that the probate court erred by granting summary judgment in favor of Olivia Thomas. We agree.
Both Ohio and Kentucky adhere to the general principle set forth in Restatement of the Law 2d, Conflict of Laws (1971), Section 239, that whether a will transfers an interest in land and the nature of the interest transferred are determined by the law applicable in the jurisdiction where the land is situated.[3] The court below recognized this principle, but concluded that application of R.C. 2107.48 required it to find that the will was invalid.
R.C. 2107.48 takes away the right to contest a will that has been duly executed and proved in a foreign state according to its law.[4] By its language, R.C. 2107.48 applies only to foreign wills. A foreign will is described as one "executed and proved according to the laws of another state."[5]
The record demonstrates that Berry's will was not a foreign will. While the record is not clear on whether Berry executed the will in Ohio, the court below acknowledged that the will was prima facie valid under Ohio law in that it was signed by the testator and at least two witnesses.[6]
Furthermore, Berry's will had not been "proved" in another state. The term "proof of will" has the same meaning as "probate."[7] In this case, the Kentucky court had denied admission of Berry's will to probate, so the will had never been proved as contemplated by the statute. Therefore, the court below should not have denied admission of Berry's will to probate.
In fact, it was expressly held on appeal in Kentucky that, under Ky.Rev.Stat.Ann. 394.090, Berry's will was revoked by his subsequent marriage only to the extent that it devised or bequeathed his personal property and his real property located within the commonwealth of Kentucky. The court did not purport to rule on the will's effect on Berry's real property in Ohio.
In this case, the probate court relied on Jones v. Robinson.[8] InJones, a Virginia testator died leaving real property in Ohio. After his death, the testator's will was proved in a Virginia court. Applying the law in effect at the time of the testator's death, the Ohio Supreme Court held that the Virginia will was not valid to dispose of the testator's Ohio real property because the will, though proved in Virginia, had not been executed according to Ohio law. The will had not been attested by two subscribing witnesses, as Ohio law required. The court recognized that, subsequent to the testator's death, Ohio had enacted a statute in 1840, 1 Curwen's Stat. 685, under which the Virginia will, executed and proved under Virginia law, would have had the same validity in Ohio as a domestic will. But since the 1840 statute (R.C. 2107.48's precursor) had not been in place at the time of the testator's death, the court applied the prior law that rejected foreign wills not made in compliance with Ohio law.
The court below relied on Jones, supra, for the proposition that, had the precursor to R.C. 2107.48 been the law at the time, the Virginia will would have been valid to dispose of the testator's Ohio real property. But we find Jones to be inapposite to the facts of the present case. InJones, the nonresident's will had been executed and proved according to the law of another state. In this case, the will was executed according to Ohio law, whether or not it was executed in Ohio, and had not been proven in another state.
As a general rule, the question whether the marriage of the testator subsequent to the execution of his will revokes the will as to real property is governed by the law of the situs of the real property, and not by the law of the state where the testator resides at the time of his death.[9]
In Matter of Estate of Wimbush,[10] a Hawaii probate court had denied admission of a Hawaii decedent's will to probate because the decedent's marriage subsequent to his will's execution revoked the will by operation of Hawaii law. But the Colorado court of appeals held that, since the decedent owned real property in Colorado, its own state law applied. And because Colorado law did not revoke a will upon subsequent marriage, the decedent's will should have been admitted to probate by the lower court.[11]
Furthermore, when Berry died owning real property in Ohio, R.C. 2107.11
required that the court below admit Berry's will to probate because the will had not been admitted to probate in Kentucky, his state of domicile. Under R.C. 2107.11, a will shall be admitted to probate in the following jurisdiction:
* * *
 (B) In any county of this state where any real or personal property of such testator is located if, at the time of his death, he was not domiciled in this state, and provided that such will has not previously been admitted to probate in this state or in the state of such testator's domicile;
* * *
In Gordon v. Holly Woods Acres, Inc.,[12] the court held that the will of a decedent, domiciled at the time of his death in Kentucky, was properly admitted to probate in Ohio, since the decedent, at the time of his death, was the owner of property in Ohio. In that case, the trial court had ruled that the decedent's will was not admissible in evidence since it had not been probated in Kentucky. But, on appeal, the court held that, under R.C. 2107.11, the Ohio court had jurisdiction to admit the will of a nonresident to probate and to administer the decedent's Ohio property.
We hold that, because Berry owned real property in Ohio, and because his will had not been probated in his state of domicile, the court below was required to admit the will to probate and to administer Berry's Ohio property.[13] Therefore, we reverse the judgment of the probate court and remand this matter for further proceedings consistent with law and this decision.
 __________________________ Winkler, Judge.
Hildebrandt, P.J., and Painter, J., concur.
[1] Ky.Rev.Stat.Ann. 394.090 was subsequently amended, effective July 15, 1998, to provide that "[a] will shall not be revoked by the marriage of the person who made the will."
[2] The district court's decision was affirmed on appeal, and the Kentucky Supreme Court denied discretionary review.
[3] See Jennings v. Jennings (1871), 21 Ohio St. 56, syllabus; Cox v.Harrison (Ky. 1975), 535 S.W.2d 78; Kerr v. Moon (1824), 22 U.S. 565, 9 Wheat. 565.
[4] See Barr v. Closterman (1887), 2 C.C. 387, 1 C.D. 546.
[5] See R.C. 2129.05.
[6] See R.C. 2197.03.
[7] See Black's Law Dictionary (7 Ed.Rev. 1999) 1232.
[8] (1867), 17 Ohio St. 171.
[9] See Annotation (2001), 9 A.L.R.2d 1412, Section 15.
[10] (1978) 41 Colo. App. 289, 293, 587 P.2d 796, 799.
[11] See id.
[12] (C.A.6, 1964), 328 F.2d 253.
[13] See R.C. 2129.11 and 2107.11; see, also, In re Gould's Estate
(1956), 1 O.O.2d 366, 140 N.E.2d 793, affirmed (1956), 1 O.O.2d 372,140 N.E.2d 801.