In Re : Estate of Jose Alvarez Suarez, Deceased, Emilio Alvarez Suarez, as Administrator *cum testamento annexo*, and W. S. Phillips, as Guardian *Ad Litem*, Appellants, v. Hortense Alvarez Suarez, Appellee.

198 So. 829
En Banc
Opinion Filed November 26, 1940

*Knight & Thompson* and *Harold C. Farnsworth,* for Appellants;

*Sutton & Reeves,* for Appellee.

WHITFIELD, J.—This appeal is from a decree of the circuit court affirming a decree of the county judge's probate court which awarded to the widow the whole of her deceased husband's estate under the provisions of the Probate Act of 1933, notwithstanding a prenuptial will of decedent devising his entire estate to his three sisters, there being no lineal descendants of the husband and no marriage settlement, and the widow not having elected to take, but refused, dower, and petitioned that the entire estate of her deceased husband be adjudged to be hers under Chapter 16103, Acts of 1933, the Probate Act. Pertinent provisions of such Act are quoted as follows:

"This law shall take effect at 12:01 o'clock A. M., eastern standard time, October 1, 1933, and shall govern the estates of decedents dying thereafter; and the estates of decedents dying prior thereto shall be administered in accordance with the statutes and laws of Florida in force prior to the effective date of this law. Sec. 2 (Sec. 5457 [2] C. G. L.).

"Any property, real or personal, held by any title, legal/equitable, with or without actual seizin, may be devised or bequeathed by will: Provided, however, that whenever a person who is head of a family, residing in this State and having a homestead therein, shall die and leave either a widow or lineal descendants or both surviving him, the homestead shall not be the subject of devise, but shall

descend as otherwise provided in this law for the descent of homesteads. Sec. 6 (a). (Sec. 5477 [2] C. G. L.)

"A will becomes effective at the time of the death of the testator, and all property, real or personal, acquired by the testator after making his will is transmissible under general expressions in the will showing such to be the intention of the testator. Every will containing a residuary clause shall transmit after-acquired property, unless the testator expressly states in his will that such is not his intention." Sec. 6 (b). (Sec. 5477 [2] C. G. L.)

"A will executed by a resident of this State, prior to the time this law takes effect, is valid if executed according to the laws of this State in force at the time of its execution." Sec. 8 (d). (Sec. 5477 [4] [d] C. G. L.)

"When a person marries after making a will, and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract, or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. The share of the estate which is assigned to such pretermitted spouse shall be raised in accordance with the order of appropriation of assets set forth in this law." Sec. 11. (Sec. 5477 [7] C. G. L.)

"Neither subsequent marriage nor subsequent marriage and birth of issue shall revoke the prior will of any person; but the pretermitted child or spouse shall inherit as set forth in this law regardless of such prior will." Sec 15. (Sec. 5477 [11] C. G. L.)

"The real and personal property of an intestate shall descend and be distributed as follows:

"1. To the surviving spouse and lineal descendants, the surviving spouse taking the same as if he or she were one of the children.

"2. If there be no lineal descendants, to the surviving spouse. . . . Sec. 24. (Sec. 5480 [1] C. G. L.)

"The homestead shall descend as other property: Provided, however, that if the decedent be survived by a widow and lineal descendants, the widow shall take a life estate in the homestead, with vested remainder to the lineal descendants in being at the time of the death of the decedent." Sec. 28. (Sec. 5480 [5] C. G. L.)

The testator was a single man when he executed his will in 1923, devising all his property to his three sisters. Thereafter in April, 1933, he married, and died November 10, 1939, after the effective date of the Probate Act, October 1, 1933, leaving a widow and no descendants. The will validly executed in 1923 was not revoked in its entirety by the marriage of the testator in April, 1933, before the Probate Act became effective in October, 1933; but was after the marriage subject to the potential dower or child's part rights of the wife after the marriage, under the statutes prior to October 1, 1933. Herzog v. Trust Company, 67 Fla. 54, 64 So. 426; Milam v. Davis, 97 Fla. 916, 123 So. 668; Sec. 5493 (3629), *et seq.,* C. G. L.

Unless the widow elects to take dower under Sections 35 and 36 of the Probate Act, when she is not satisfied with the provision made for her in her husband's will or by law or the husband makes no provision for the widow and there is no marriage settlement, as in this case, Section 11 of the Probate Act provides that she shall receive a share in the estate of the testator equal in value to that which she would have received if the testator had died intestate.

Unlike the previous statutory provisions, which are expressly repealed by Section 198, the Probate Act of 1933

clearly provides that when a widow is dissatisfied with the provisions made for her in her deceased husband's will or by the law, and she is not bound by a marriage settlement, and she does not duly elect to take dower, but demands the entire estate, and there are no lineal descendants of the deceased husband, she is entitled to "a share in the estate equal in value to that which she would have received if the testator had died intestate," which is the whole estate, the husband leaving no lineal descendants.  Secs. 11, 24, and 28. The statute does not provide that such "share" "shall be free from all liability for the debts of the decedent, all estate and inheritance taxes and all costs, charges and ex- penses of administration," as is the case when she elects to take dower under Sections 35 and 36.  Chapter 18999, Acts of 1939, is apparently not applicable here, as the widow takes not dower but the entire estate by inheritance under Section 24 of Chapter 16103, the Probate Act of 1933.  See Benedict v. Wilmarth, 46 Fla. 535, 35 So. 84, 4 Ann. Cas. 1033.  Thompson's Dig. P. 185, note.

The testator's marriage did not revoke his will, and the statute so states; but his devisees cannot legally claim against express provisions of the statute that at his death the widow takes the entire estate if the husband leaves no lineal de- scendants and made no provision for her that is satisfactory to her and there was no marriage settlement and she does not claim dower but the whole estate under the statute, there being no waiver of her statutory rights in her hus- band's estate.

Affirmed.

TERRELL, C. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.