GERTRUDE A. SANDER v. BERNADETTE M. KINZIE, as Executrix for the Estate of George B. Sander.

13 So. (2nd) 908                                    June Term, 1943
June 11, 1943                                         Division A

*E. M. Magaha,* for appellant.

*Wm. J. Wood,* for appellee.

ADAMS, J.:

George B. Sander of Lee County, Florida, executed his will on July 13, 1937. Thereafter he was married to appellant.

On January 20, 1942, he died leaving children by a former marriage but none by his marriage to appellant. No provision was made for appellant by marriage contract, or by the will and no intention appeared not to make provision for appellant, widow.

On petition of the widow, she was awarded dower by the county judgment consisting of one-third of the realty in fee and one-third of the personal property absolutely. On appeal to the circuit court it was held that the widow was limited to a child's part. We now review the latter order. The decision of this case rests upon the construction of Sections 731.10 and 731.34, Fla. Stat. 1941.

"Marriage after execution of will.—When a person marries after making a will, and the spouse survives the testator, such surviving spouse shall receive a share in the estate of the testator equal in value to that which such surviving spouse would have received if the testator had died intestate, unless provision has been made for such spouse by marriage contract, or unless such spouse is provided for in the will, or unless the will discloses an intention not to make such provision. . . ."

"Dower in realty and personalty.—Whenever the widow of any decedent shall not be satisfied with the portion of the estate of her husband to which she is entitled under the law of descent and distribution or under the will of her said husband, or both, she may elect in the manner hereinafter provided to take dower, which dower shall be one-third part in fee simple of the real property owned by her husband at the time of his death, or which he had before conveyed, whereof she had not relinquished her right of dower as provided by law, and one-third part absolutely of the personal property owned by her husband at the time of his death; provided, however, that if a decedent, dying intestate, be

survived by his widow and lineal descendants and that none of such lineal descendants are also the lineal descendants of such widow, then such widow shall be limited to dower in the estate of said decedent, and such dower shall be limited to the portion of the estate of the decedent to which the widow is entitled under the law of descent and distribution, to-wit, a child's part, . . ."

These two sections form a part of our probate law and must be read and construed together. Section 731.10 fixes the widow's status in this case as the widow of an intestate and Section 731.34 determines that in such case her interest shall be a child's part. See In Re: Suarez's Estate, 145 Fla. 183, 198 So. 829.

The judgment is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.