372 So.2d 218 (1979)
Rowena B. SOLOMON, Appellant,
v.
Davisson F. DUNLAP As the Personal Representative of the Estate of Crawford Solomon, Deceased, Appellee.
No. MM-2.
District Court of Appeal of Florida, First District.
June 29, 1979.
Stephen H. Durant of Martin, Ade, Birchfield & Johnson, Jacksonville, for appellant.
Robert L. Young of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, Orlando, for appellee.
PER CURIAM.
This appeal brings for review the order entered by the trial court in which the appellant's share in the estate of Crawford Solomon was determined. The facts in this case may be briefly stated. In 1974, Crawford Solomon executed his Will. On February 6, 1975, he married Rowena B. Solomon. At the time of such marriage, he had two living sons born of a previous marriage. He made no change in his Will, and he died in February, 1977. Rowena B. Solomon filed a petition requesting a determination of her appropriate share in the estate of Crawford Solomon, her status being that of a pretermitted spouse. The order of the court entered upon such petition found and determined that Rowena B. Solomon, being the pretermitted spouse of Crawford Solomon, deceased, is entitled to receive one-half of the net intestate estate pursuant to the provisions of Section 732.301 and Section 732.102(1)(c), Florida Statutes (1977). The order then provided:
"The net intestate estate is hereby defined to be all of the assets of the estate administered by this Court less those assets determined by this Court to be exempt property and less the debts and costs of administration of this estate. The share of the Petitioner, Rowena B. Solomon, will furthermore be charged with those taxes which her share will equitably bear pursuant to Section 733.817, Florida Statutes."
*219 The sole issue presented on appeal is whether Rowena B. Solomon is entitled to one-half of the net, or one-half of the gross value of the estate. If the Legislature intended that a pretermitted spouse would take one-half of the gross value of the intestate estate, we perceive that it would have inserted the word "gross" in the appropriate place in Section 732.102(1)(c). In those instances where it is the legislative intent that property of a decedent be distributed not subject to any burden of administrative cost or taxes, it has specifically referred to such property as "exempt property." For an example, see the provisions of Section 732.402, Florida Statutes (1977), where the legislature carefully designated its intent by using the words "exempt property" and "net value." We find no provision in the applicable statutes to indicate any intent that the pretermitted spouse takes her share free from any liability for payment of any applicable tax, debts, or costs of administration. See In re Suarez's Estate, 145 Fla. 183, 198 So. 829 (1940), at 831.
The order appealed from is AFFIRMED.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.