177 N.J. Super. 125 (1980)
425 A.2d 705
DOROTHY EYRE, PLAINTIFF,
v.
BLOOMFIELD SAVINGS BANK, EXECUTOR OF THE ESTATE OF GEOFFREY M. EYRE, DEFENDANT.
Superior Court of New Jersey, Chancery Division Union County.
Decided November 20, 1980.
*127 Richard H. Foster for plaintiff (Ryan, Foster & Bonanno, attorneys).
S. Herman Cohen for defendant.
KENTZ, J.S.C.
This action is before the court for a determination of the right of plaintiff to an intestate share of decedent's estate under the provisions of N.J.S.A. 3A:2A-44(a) and N.J.S.A. 3A:2A-34(a).
The facts are not in dispute. Plaintiff and Geoffrey Eyre were married on October 27, 1977. Eyre died on June 10, 1979, leaving a will dated June 1, 1976. The will was admitted to probate on September 24, 1979 and defendant Bloomfield Savings Bank was appointed executor thereunder. The will, made prior to decedent's marriage, fails to make any provision for plaintiff as surviving spouse. Decedent also executed an inter vivos trust agreement with Bloomfield Savings Bank on January 15, 1969 which provided that the trust assets were to be paid to the executor of decedent's estate for distribution under his will. Plaintiff filed a complaint on July 28, 1978 seeking a judgment declaring Geoffrey Eyre incompetent. A judgment of incompetency was entered on October 25, 1978 and plaintiff was appointed guardian.
After Geoffrey Eyre's death plaintiff instituted this suit to set aside his will under N.J.S.A. 3A:2A-44(a) because it failed to make any provision for her as surviving spouse. There was no evidence submitted that this omission had been intentional or that assets had been transferred to plaintiff outside the will.
The issues raised here make it necessary to construe the new Wills Act, specifically N.J.S.A. 3A:2A-44(a), which became effective *128 September 1, 1978, and the amendment to that portion of the act, section (c), effective October 11, 1979.[1]
N.J.S.A. 3A:2A-44(a) provides in pertinent part:
If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will.
On motion for summary judgment defendant contended that plaintiff failed to state a cause of action under R. 4:6-2(e) because N.J.S.A. 3A:2A-44, as amended by the addition of section (c), applies "only to wills executed on or after September 1, 1978." Defendant argued that the Wills Act did not invalidate the 1976 will.
Plaintiff asserted that the amendment to N.J.S.A. 3A:2A-44(a) which added section (c) became law on October 11, 1979 and should not be given retroactive application unless the Legislature had manifested such an intention in clear terms. Thus, plaintiff maintained that the Wills Act, N.J.S.A. 3A:2A-44(a), which became effective September 1, 1978, granted rights to plaintiff which were in effect when Geoffrey Eyre died and when the complaint was filed on October 4, 1979. Plaintiff relied on cases holding that legislation will not be given retroactive application when it serves to divest vested rights. In re Grossman Tenure Hearing, 127 N.J. Super. 13 (App.Div. 1974); Wayne Tp. v. Ricmin, Inc., 124 N.J. Super. 509 (App.Div. 1973); Sagarese v. Morristown Bd. of Health, 31 N.J. Super. 526 (Law Div. 1954).
New Jersey courts are reluctant to apply statutes retroactively. State v. Exxon Corp., 151 N.J. Super. 464 (Ch.Div. 1977). Section (c), which amends N.J.S.A. 3A:2A 44(a), states *129 that "this section shall apply only to wills executed on or after September 1, 1978." It is well established that the use of the word "shall" connotes an intent to apply a statute prospectively so that it will not affect events which have already occurred. Hannan v. Employers Commercial Union Ins. Co., 117 N.J. Super. 485, 488-489 (Law Div. 1971); Cassan v. Fern, 33 N.J. Super. 96 (Law Div. 1954). Furthermore, a statute which changes the settled law and which relates to substantive rights is to be applied prospectively only. Hannan, supra at 488. This court refused to apply section (c) of the statute retroactively for the reasons stated above and denied defendant's motion for summary judgment of dismissal under R. 4:6-2(e).
The only issue remaining to be resolved now is whether the adjudication of incompetency of decedent prior to September 1, 1978, the effective date of the statute, precludes the application of N.J.S.A. 3A:2A-44(a) to this action. Defendant's argument rests on the assumption that decedent would have included in his will a provision specifying that his failure to provide for his spouse was intentional, if he had been competent and had been aware of the pertinent provision in the Wills Act which would give an omitted spouse an intestate share of decedent's estate.
The text of N.J.S.A. 3A:2A-44(a) defines two exceptions to the rule that allows a surviving spouse to take an intestate share if omitted from a will executed prior to marriage. These are where there is an intentional omission appearing on the face of the will or where there is a provision for the spouse by transfer outside the will. Decedent did not provide for his spouse in the will and, as noted earlier, there is no evidence of an intentional omission or a substitutionary transfer.
Defendant would have the court create another exception to those expressly stated in the statute to cover a situation in which a decedent was declared incompetent prior to the effective date of the Wills Act. This is contrary to the principles of statutory construction. An express exception excludes all other exceptions or the enlargement of existing exceptions. 73 Am. *130 Jur.2d, Statutes, § 316 at 466; State v. Reed, 34 N.J. 554 (1961); Male v. Pompton Lakes Mun. Util. Auth., 105 N.J. Super. 348, 355 (Ch.Div. 1969); State v. McDonald, 92 N.J. Super. 448, 451 (App.Div. 1966).
Furthermore, the Wills Act is remedial legislation in that it creates a remedy where none previously existed. In re Ungaro, 88 N.J. Eq. 25 (Ch. 1917). As the court in Male, supra, stated:
... Any exemption from humanitarian and remedial legislation is to be narrowly construed. To extend an exemption beyond those plainly and unmistakably within its terms is to abuse the interpretative process and to frustrate the will of the people. [105 N.J. Super. at 356; citing A.H. Phillips, Inc. v. Walling, 324 U.S. 490, 65 S.Ct. 807, 89 L.Ed. 1095 (1945)].
The reasoning behind the exception that defendant would have the court apply runs counter to the assumption contained in the statute. N.J.S.A. 3A:2A-44(a) was adapted verbatim from the proposed Uniform Probate Code § 2-301. A comment contained in the Uniform Probate Code (5 ed. 1977) when referring to § 2-301, states that: "This section reflects the view that the intestate share of the spouse is what the decedent would want the spouse to have if he had thought about the relationship of the old will to the new situation." In contrast, decedent here presumably had no apparent rational thoughts on the subject. Defendant's argument assumes that had decedent been competent, he would have inserted a provision in his will stating that he intended not to provide for his wife. This assumption is not supported by any factual evidence and is contrary to the statutory assumption. Accordingly, I find this argument without merit.
Defendant also argues that the trust agreement in question provided by implication for a distribution of assets outside the will. The only assets remaining in the estate are corpus and income in the trust. This was an inter vivos trust which contained the following provision:
... on the death of Settlor ... the balance of corpus and income shall be paid to the Executor of the Last Will and Testament of the said Geoffrey M. Eyre to be distributed in accordance with his Last Will and Testament.
*131 Defendant cited no authority, nor did he submit any evidence, to support his argument and therefore this court finds it to be without merit.
The disposition of the remaining trust assets is controlled by N.J.S.A. 3A:2A-44(a) which gives a surviving spouse omitted from a will executed prior to marriage an intestate share. The amount of this intestate share is fixed by N.J.S.A. 3A:2A-34(a). If there is neither surviving issue nor a surviving parent of decedent, the surviving spouse takes the entire intestate estate. Geoffrey Eyre left no surviving issue or parent and therefore Dorothy Eyre is entitled to his entire estate as the surviving spouse who was omitted from the will executed prior to their marriage.
NOTES
[1] Listed under Repealers is N.J.S.A. 3A:2A 85, effective October 11, 1979, which provides that "the provisions of P.L. 1977, c. 412, shall apply to any wills of decedents dying on or after September 1, 1978." The fact that this section is characterized as a repealer does not support defendant's contention that section (c) was merely a clarification of existing law.