In the Matter of the ESTATE OF Jerry M. KNUDSEN, deceased, Burleigh County Probate No. 3107 Appeals from Order Entered January 26, 1981.

Dann G. KNUDSEN and Eric J. Knudsen, as personal representatives of the estate of Jerry M. Knudsen, deceased; and Dann G. Knudsen, Eric J. Knudsen and Jeffrey Knudsen, Appellees,

v.

Susan F. KNUDSEN, one of the heirs at law of Jerry M. Knudsen, deceased, Appellant.

Civ. No. 10167.

Supreme Court of North Dakota.

July 27, 1982.

E. J. Rose, Bismarck, for appellees.

Mills & Moore, Bismarck, for appellant; argued by William R. Mills, Bismarck.

PEDERSON, Justice.

This is an appeal by Susan F. Knudsen from a summary judgment which decreed that (1) Jerry M. Knudsen died testate; (2) Susan is not entitled to an intestate share as an omitted spouse; and (3) Jeffrey, Dann

and Eric Knudsen are the sole devisees of the estate. We reverse and remand for trial.

The principal question to be resolved involves the construction of §§ 30.1–08–08 (2–508), 30.1–05–01 (2–201), and 30.1–06–01 (2–301), NDCC, and their application to the undisputed facts and inferences submitted by affidavits of the parties.

In 1962 Jerry M. Knudsen made a will containing the following significant provisions:

"SECOND: (a) I give, devise and bequeath to my wife, Lela Margaret Knudsen, all of my estate, both real and personal, and wheresoever the same may be situate[d], of which I may die seized or possessed or to which I may be entitled at the time of my decease, to have and to hold the same to her, absolutely and forever.

"I intentionally omit giving any property to my children, Jeffrey Milo Knudsen, Dann Gudmund Knudsen, and Eric Jonathon Knudsen, for the reason that I know my wife will provide for them.

"(b) If my wife shall pre-decease me, or if she and I shall die simultaneously, or under such circumstances as to render it difficult or impossible to determine with certainty whether she survived me, then, and in any of said events, I give, bequeath and devise all of the real and personal property to which I may be entitled or over which I may have any disposing power at my death, to my children, Jeffrey Milo Knudsen, Dann Gudmund Knudsen, and Eric Jonathon Knudsen, share and share alike, to have and to hold the same to them, absolutely and forever."

The Uniform Probate Code was enacted in North Dakota in 1973 (effective July 1, 1975), and we assume that it has application to this case in the absence of any showing to the contrary. See § 30.1–35–01 (8–101), NDCC.

In 1975 Jerry Knudsen and Lela Knudsen were divorced and, pursuant to the provisions of § 30.1–08–08 (2–508), NDCC, the disposition of property to Lela made by Jerry's will was revoked by operation of law, and the property which is prevented by law from passing to Lela, passes instead "as if" she had predeceased Jerry. Under clause "Second (b)" of the will, all property would, accordingly, pass to Jeffrey, Dann and Eric.

Also, in 1975, Jerry Knudsen married Susan. The 1962 will was not changed or supplemented. Jerry Knudsen died on October 2, 1979, and the probate of his estate proceeded in the Burleigh County Court With Increased Jurisdiction, with Dann G. and Eric J. Knudsen as personal representatives.

After hearing argument of counsel and considering briefs and affidavits which were filed, the probate court, on January 26, 1981, decreed:

"1. That the decedent died Testate and his last will dated April 27, 1962, and admitted to probate in this court is determined to be the Last Will and Testament of the decedent.

"2. That Susan Knudsen, the surviving spouse of the decedent, is entitled to an intestate share of decedent's estate as an omitted spouse under the terms of Section 30.1–06–01 NDCC.

"3. That under the terms of Section 30.-1–08–08 of the NDCC, Lela Knudsen, former wife of the decedent, is precluded from taking under the Will due to her divorce from the decedent in 1975.

"4. That under the terms of the Last Will and Testament, the three sons of the decedent, Jeffrey Knudsen, Dann G. Knudsen and Eric J. Knudsen, are the sole devisees of the decedent's estate subject to the terms of Section 30.1–06–01 entitling Susan Knudsen, as the surviving spouse, omitted from the will, to an intestate share in said estate.

"5. The following persons are heirs of the decedent:

Susan Knudsen, surviving spouse

Jeffrey Knudsen, son

Dann G. Knudsen, son

Eric J. Knudsen, son"

The three sons, Jeffrey, Dann and Eric, as heirs, and Dann and Eric as personal representatives, all of whom we will hereinafter call the three sons, filed "a general appeal as to both the law and facts" from paragraphs 2 and 4 of the probate court decree, demanding a trial de novo and a jury trial. Susan also filed "a general appeal as to both the law and facts" from paragraph 1 of the decree, and also demanded a trial de novo and jury trial.

■ Pursuant to § 30.1–02–02 (1–302), NDCC, the district court has appellate jurisdiction over appeals from probate court "as provided in chapter 30–26." Because the North Dakota Legislature omitted §§ 1–308 and 1–309 when it adopted the Uniform Probate Code, the district court may not exercise equity jurisdiction on appeals from the probate court. *Matter of Estate of Jones*, 288 N.W.2d 758, 760 (N.D.1980). Cases from jurisdictions that have granted equity jurisdiction to their probate courts are not readily applicable in this state. *See,* for example, the opinion of widely acclaimed Justice Roberts of Pennsylvania in *Estate of Greenfield*, 484 Pa. 141, 398 A.2d 983, 7 A.L.R.4th 980 (1979), which refers to "unjustly enriching the electing widow" and "logic and fairness." Chapter 30–26 was repealed, effective January 1, 1983, by § 51, Ch. 319, S.L.1981. Under Article VI, § 8, North Dakota Constitution, the appellate jurisdiction of the district court may be provided by law or by rule of the Supreme Court.

■ The three sons moved for a summary judgment as to both appeals to the district court, supported by Dann Knudsen's affidavit stating facts which are of his own personal knowledge, as well as information from his files as personal representative, and from the probate court file. Susan resisted the motion for summary judgment, supported by two of her own affidavits and an affidavit by a Minneapolis lawyer by the name of Ranta. To seek a summary judgment under Rule 56, NDRCivP, is appropriate in probate appeals to the district court under certain circumstances. *Boone v. Estate of Nelson*, 264 N.W.2d 881 (N.D.1978), and *Matter of Estate of Bieber*, 256 N.W.2d 879 (N.D.1977).

The moving documents, the resisting documents, and the supporting affidavits from both sides are too long and complex to quote here. We do conclude, however, that ultimately the question before the district court primarily involved a dispute over the eligibility of Susan as a surviving spouse, omitted from the will, to claim an intestate share in the estate under North Dakota law.

The district court issued a Memorandum of Decision which provided:

"It clearly appears to the Court, from all of the undisputed evidence submitted by the parties relative to the Motion of . . . [the three sons] for Summary Judgment, that:

"1. The augmented estate of the Testator, Jerry M. Knudsen, was $295,101.

"2. The maximum elective share of the augmented estate that . . . [Susan] could receive as an omitted spouse under Section 30.1–05–01 (2–201), NDCC, is one-third of the augmented estate, or $98,367.

"3. The Testator, Jerry M. Knudsen, provided for . . . [Susan] by transfers outside his will in an aggregate amount in excess of $98,367.

"The obvious purpose of Section 30.1–06–01 (2–301), NDCC, is to insure that a surviving spouse who marries the testator after the execution of his will, receives the share of the estate she would have received if the decedent had left no will, unless a contrary intention of the testator is made manifest.

"In view of the fact that Section 30.1–06–01 (2–301), NDCC, provides for a *statutory* disposition *contrary* to the testator's will, it must be construed as having been satisfied in a case where, as in the instant case, the testator provided for the spouse by transfers outside the will in an amount at least equal to her intestate share of the augmented estate. To allow her a greater share under Section 30.1–06–01 (2–301), NDCC, than her statutory share under Section 30.1–05–01 (2–201), NDCC, would corrupt the purpose of Sec-

tion 30.1–06–01 (2–301), NDCC, by providing a windfall to the testator's widow at the expense of his three children whom he ultimately expected would be provided for, either by his will, if his first wife, the mother of ... [the three sons], predeceased him, or by her if she succeeded to his estate. Neither of these events occurred." [Emphasis in original.]

When a married person domiciled in this state dies (Jerry Knudsen), the surviving spouse (Susan) has a right of election to take (or not to take) an elective share of one-third of the augmented estate under certain limitations and conditions (§ 30.1–05–01 (2–201), NDCC). We conclude, from our examination of the record of proceedings in the probate court and in the district court, that Susan has not elected to take the elective share of one-third of the augmented estate.

When a married person (Jerry Knudsen) dies leaving a will executed before the marriage, omitting the spouse (Susan), she *shall* receive the same share she would receive if there was no will (ordinarily one-half of the intestate estate, under § 30.1–04–02(4) (2–102), NDCC), unless it appears from the will that the omission was intentional or the testator (Jerry Knudsen) provided for her (Susan) by *transfer* outside the will and his (Jerry's) intent that the *transfer* be in lieu of a testamentary provision is shown by his (Jerry's) statements *or from the amount of the transfer or other evidence* (§ 30.1–06–01 (2–301), NDCC).

We are instructed by § 30.1–01–02 (1–102), NDCC, to liberally construe and apply the Uniform Probate Code in order that its underlying purposes and policies be promoted. Those underlying purposes and policies are:

"a. To simplify and clarify the law concerning the affairs of decedents, ...

"b. To discover and make effective the intent of a decedent in distribution of his property.

"c. To promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors.

"d. To facilitate the use and enforcement of certain trusts.

"e. To make uniform the law among the various jurisdictions."

All statutes and proceedings thereunder are to be construed liberally, with a view to effecting the object of the statute and to promote justice. Section 1–02–01, NDCC. If a particular statute is clear and free of all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit. Section 1–02–05, NDCC. Thus, a statute which clearly prohibits complete disinheritance of a spouse cannot be construed "liberally" to make effective a decedent's intent to disinherit a spouse, even if it is shown that decedent had such intent.

Other canons of construction that guide us include: provisions which are in conflict should be "harmonized" (§ 1–02–09.1, NDCC), or "adjusted" (§ 1–02–27, NDCC) so that the entire statute may be effective and a just and reasonable result accomplished (§ 1–02–38(2), (3), NDCC). *See also City of Fargo, Cass Cty. v. State*, 260 N.W.2d 333 (N.D.1977). If a statute is latently or patently ambiguous, we may consider all pertinent, extrinsic evidence of legislative intent (§ 1–02–39, NDCC). *See also St. Paul Mercury Insurance Company v. Andrews*, 321 N.W.2d 483 (N.D.1982).

The concept of the Uniform Probate Code is that the "affairs of decedents" is a single subject of the law notwithstanding its many facets. 8 Uniform Laws Annotated 287.

The pertinent provisions of the three sections of the Uniform Probate Code around which this dispute revolves are:

"If after executing a will the testator is divorced or his marriage annulled, the divorce or annulment revokes any disposition or appointment of property made by the will to the former spouse, any provision conferring a general or special power of appointment on the former spouse, and any nomination of the former spouse as executor, trustee, conservator, or guardian, unless the will expressly provides otherwise. Property prevented from passing

to a former spouse because of revocation by divorce or annulment passes as if the former spouse failed to survive the decedent, and other provisions conferring some power or office on the former spouse are interpreted as if the spouse failed to survive the decedent. . . . No change of circumstances other than as described in this section revokes a will." Section 30.1–08–08 (2–508), NDCC.

"1. If a married person domiciled in this state dies, the surviving spouse has a right of election to take an elective share of one-third of the augmented estate under the limitations and conditions hereinafter stated." Section 30.1–05–01 (2–201), NDCC.

"1. If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence." Section 30.1–06–01 (2–301), NDCC.

The summary judgment entered by the district court held:

"1. That the decedent, Jerry M. Knudsen, died testate and his Last Will and Testament dated April 27, 1962, and admitted to probate in the Burleigh County Probate Court is determined to be the Last Will and Testament of Jerry M. Knudsen, deceased.

"2. That Susan Knudsen, surviving spouse of the decedent, is not entitled to an intestate share of decedent's estate as an omitted spouse under the terms of Section 30.1–06–01 of the NDCC because the testator provided for her outside the estate in an amount in excess of ⅓rd of the augmented estate and the maximum elective share of the augmented estate of a surviving spouse is limited to ⅓rd of the augmented estate.

"3. That under the terms of the Last Will and Testament of the decedent, Jerry M. Knudsen, the three sons of the decedent, Jeffrey Knudsen, Dann G. Knudsen and Eric J. Knudsen, are the sole devisees of his estate."

■ The first question that we address is whether or not the will executed by Jerry M. Knudsen in 1962 and admitted to probate without objection in the probate court is Jerry M. Knudsen's Last Will and Testament. No evidence was introduced in the probate court proceedings that would support a finding that there was another will, and both the probate court and the district court correctly applied § 30.1–08–08 (2–508), NDCC. Pursuant to that statute, in the absence of evidence to the contrary, only those bequests and powers granted to Lela were revoked by operation of law when Jerry and Lela were divorced. *See Matter of Estate of Wimbush*, 41 Colo.App. 289, 587 P.2d 796 (1978); *Matter of Estate of Seymour*, 93 N.M. 328, 600 P.2d 274 (1979); and *Capriotti v. Millsaps*, 123 Ariz. App. 281, 599 P.2d 237 (1979). It was not error to decree by summary judgment that Jerry M. Knudsen died testate.

■ Next, we examine the summary determination by the district court that, by operation of law, Susan is not entitled to an intestate share of the estate as an omitted spouse under § 30.1–06–01 (2–301), NDCC, because "to allow her [Susan] a greater share under Section 30.1–06–01 (2–301), NDCC, than her statutory share under Section 30.1–05–01 (2–201), NDCC, would corrupt the purpose of Section 30.1–06–01 (2–301), NDCC." By this reasoning the court, in effect, made the election for Susan, which only she may make under § 30.1–05–01 (2–201), NDCC. If the share of an omitted spouse (husband or wife), under § 30.1–06–01 (2–301), NDCC, was intended to be limited to the same extent as the elective share of a spouse under § 30.1–05–01 (2–201), NDCC, the drafters of the Uniform Probate Code would logically have so stated. They did not.

Without a doubt, the district court's determination was ingenious and in search of fairness; nevertheless, we think the Uniform Probate Code drafters provided otherwise. First of all, there are no affidavits from which it can be concluded that the amount of an elective share under § 30.1–05–01 (2–201), NDCC, in this case, is not a disputed fact. The district court's memorandum opinion contains a finding of fact, not so labeled, finding the value of the augmented estate and the value of the assets "transferred" to Susan, both of which were disputed. Secondly, if the intent (that a transfer to a *spouse* outside of the will is in lieu of a testamentary provision) can be shown by the "amount" thereof as measured by a spouse's elective share under § 30.1–05–01 (2–201), NDCC, how can the intent (that a transfer to a *pretermitted child* outside of the will is in lieu of a testamentary provision) be shown by the "amount" when § 30.1–05–01 (2–201), NDCC, does not apply to children? Obviously it cannot be shown by that method, even though the statutes applicable to omitted spouses (§ 30.1–06–01) and to pretermitted children (§ 30.1–06–02) use the identical words: "from the amount of the transfer or other evidence."

A part of the Comment to § 2–301 of the Uniform Probate Code states:

"This section reflects the view that the intestate share of the spouse is what the decedent would want the spouse to have if he had thought about the relationship of his old will to the new situation."

The affidavit of Attorney Ranta discloses that Jerry Knudsen had indeed "thought about the relationship of his old will to the new situation," as reflected in the following:

"... that I asked him if he had a will and he said, 'I know I signed one years ago, but I don't think it is in effect anymore'; that in at least two conversations involving his estate planning he expressed a deep concern that he felt he had not adequately provided for his present wife, Susan K. Knudsen."

Quite obviously, additional evidence should be made available to a finder of fact (be it the court or a jury). It was error to determine, under a motion for summary judgment, that Susan, as a matter of law, is not entitled to an intestate share of the estate, and it was error to hold that the three sons were, as a matter of law, the sole devisees of the Jerry M. Knudsen estate.

The only cases interpreting § 2–301 of the Uniform Probate Code that we have discovered are: *Eyre v. Bloomfield Savings Bank*, 177 N.J.Super. 125, 425 A.2d 705 (1980); *Matter of Estate of Taggart*, 95 N.M.App. 117, 619 P.2d 562, 11 A.L.R.4th 1201 (1980); *Solomon v. Dunlap*, 372 So.2d 218 (Fla.App.1979); *Matter of Estate of Beaman*, 119 Ariz.App. 614, 583 P.2d 270 (1978); and *Estate of Beauchamp*, 115 Ariz. App. 219, 564 P.2d 908 (1977). None are helpful in explaining the meaning of this particular Uniform Probate Code section or the Editorial Board Comment, and none support the theory that § 2–201 provides a rule-of-thumb standard that one-third of the augmented estate is the "amount" which (without other evidence) establishes that transfers to an omitted spouse are intended to be in lieu of a testamentary provision. *See also* Annot., 11 A.L.R.4th 1213 (1982); 80 Am.Jur.2d *Wills*, § 1651 (1975), and following; Kurtz, *The Augmented Estate Concept*, 62 Iowa L.Rev. 981 (1977); Davis, *The New North Dakota Probate Code*, 49 N.D.L.Rev. 563 (1972–1973); and Smith and Thune, *The Uniform Probate Code: The Way to Probate in North Dakota*, 50 N.D.L.Rev. 593 (1973–1974).

It was error to award a summary judgment. The judgment is reversed and the case is remanded to the district court for trial de novo with a jury as demanded by the parties.

HUNKE and OLSON, District Judges, concur.

HUNKE and OLSON, District Judges, sitting in place of ERICKSTAD, C. J., and PAULSON, J., disqualified.

VANDE WALLE, Acting Chief Justice, concurring specially.

I agree with the conclusion reached by the majority opinion. I write separately to point out that although this case may not be appropriate for a summary judgment, Section 30.1–06–01(1) [2–301], N.D.C.C., does provide that an omitted spouse is not entitled to receive an intestate share if the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator "or from the amount of the transfer or other evidence." The majority opinion notes that Section 1–02–05, N.D.C.C., provides that when the wording of a statute is clear and free of all ambiguity the letter of it is not to be disregarded under the pretext of pursuing its spirit. Here, the statute unambiguously states that the intent of the testator may be shown from the amount of the transfer or other evidence. The application of the statute may be difficult but that does not make it ambiguous. The amount of the transfer is therefore significant and, in some instances, it may and should be paramount.

The fact that Section 30.1–05–01[2–201] does not have application to pretermitted children, although Section 30.1–06–02[2–302] contains language similar to Section 30.1–06–01, is not significant.

Although I do not read the majority opinion as necessarily suggesting that the amount of transfers to an omitted spouse should be ignored, I believe those amounts are significant to determinations made by the court under these statutes and may in some instances be determinative of the issue.

SAND, Justice, concurring specially.

I concur in the result that this case is not appropriate for summary judgment. From my analysis of the issues in this case findings of fact as distinguished from a recitation of undisputed facts are necessary to resolve some of the issues, and therefore summary judgment is not appropriate. *Albers v. Nodak Racing Club*, 256 N.W.2d 355

(N.D.1977). See also, *Roeders v. City of Washburn*, 298 N.W.2d 779 (N.D.1980). This applies particularly to the intent of the testator regarding the transfer of property to his wife outside the will before his death.

I agree with the trial court that the one-third elective share of the augmented estate provided for in North Dakota Century Code § 30.1–05–01 may be used as a guide or standard in determining whether or not the amount transferred outside of the will to his wife before his death was intended to constitute a transfer in lieu of testamentary provision.

The editorial board comment under § 30.-1–06–01 which sets out the right of an "omitted spouse," states:

"The effect of this section should be to reduce the number of instances where a spouse will claim an elective share."

Also, under § 30.1–05–02, which sets out the composition of the augmented estate, the editorial board comment states:

"Likewise, for policy reasons life insurance is not included in the first category of transfers to other persons, because it is not ordinarily purchased as a way of depleting the probate estate and avoiding the elective share of the spouse; but life insurance proceeds payable to the surviving spouse are included in the second category, because it seems unfair to allow a surviving spouse to disturb the decedent's estate plan if the spouse has received ample provision from life insurance. In this category no distinction is drawn as to whether the transfers are made before or after marriage."

This is an indication that the one-third elective share of the augmented estate is applicable under all circumstances and therefore the one-third elective share is a good standard or guide in determining if the testator intended a transfer in lieu of a testamentary provision. The one-third elective share in a limited sense constitutes a floor for the spouse. This supports rather than detracts from it being used as a standard or guide in determining whether or not the testator intended to adequately pro-

vide for the spouse outside of the will. The fact that the statute does not provide for an elective share for pretermitted children, similar to the elective share to the spouse, does not alter the situation that the elective share under § 30.1–05–01 may be used as a measuring guide or standard in determining the adequacy of the transfer outside of the will.

In this instance, Susan was the beneficiary of the life insurance policy. Consequently, the question rises, if this was in lieu of not being included in the will, or was it for some other purpose not related to the will. In short, the intent of the testator needs to be determined in the transfer of the property to the spouse, including the spouse being named as beneficiary in the insurance policy. This requires a finding of fact, and as a result the case is not appropriate for summary judgment.