In the Matter of the ESTATE OF Elsie FRANDSON, Deceased.

Clarence SCHOTT, Petitioner and Appellee,

v.

Louis FRANDSON, Respondent and Appellant.

Civ. No. 10628.

Supreme Court of North Dakota.

Oct. 23, 1984.

Holand, Gray, Lochow & Sortland, Fargo, for petitioner and appellee; argued by Donald C. Holand, Fargo.

Overboe & Cuffe, West Fargo, for respondent and appellant; argued by James R. Britton, Fargo.

SAND, Justice.

Louis Frandson appealed from a county court judgment which decreed that he is not an omitted spouse under § 30.1–06–01(2–301), N.D.C.C. We affirm.

Louis Frandson married Elsie Frandson on 10 September 1978. Louis was 68 years old and Elsie was 67 years old on the date of the wedding, and both had been married to other persons once before. Louis and Elsie brought into the new marriage separate property.

According to Louis, during the first year of their marriage Elsie suggested that they have wills prepared. The couple went to an attorney and Louis executed a will bequeathing all of his property to Elsie. Elsie, however, died on 19 June 1981 without executing a new will. A will executed by Elsie, on 3 June 1975 before her marriage to Louis, was admitted to probate. The will obviously did not contain a provision for Louis nor was any reason given why Louis should have been provided for in the 1975 will.

Louis subsequently sought his intestate share of Elsie's estate as an omitted spouse. Counsel for the personal representative and counsel for Louis entered into a stipulation listing the face values and date of death values of property owned solely by Elsie and property owned jointly by Elsie and Louis. During the trial, additional items of Elsie's solely owned property were entered in evidence. Elsie's solely owned property included farmland, a bank account, and several certificates of deposit. The date of death value of Elsie's solely

owned property was more than $94,000. The property owned jointly by Elsie and Louis included their residence in West Fargo, an automobile, household appliances and furnishings, and several bank accounts and certificates of deposit. The date of death value of the property held in joint tenancy by Elsie and Louis totaled more than $136,000. The evidence established that Elsie's contributions to the jointly owned property were approximately $81,000 and that Louis' contributions were approximately $55,000.

The county court determined that Elsie, by her placement of property in joint tenancy, had provided for Louis by transfers outside the will with the intent that the transfers be in lieu of a testamentary provision pursuant to § 30.1–06–01 (2–301), N.D.C.C. Judgment was entered decreeing that Louis was not an omitted spouse, and Louis has appealed.

Louis essentially contended on appeal: (1) that the county court erred in determining that he was not an omitted spouse; and (2) that the trial court erred in not granting his motion for summary judgment made during the trial.

Section 30.1–06–01(1) (2–301), N.D.C.C., provides:

"*30.1–06–01 (2–301). Omitted spouse.* —1. If a testator fails to provide by will for his surviving spouse who married the testator after the execution of the will, the omitted spouse shall receive the same share of the estate he would have received if the decedent left no will unless it appears from the will that the omission was intentional or the testator provided for the spouse by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence."

This Court has construed the provisions of the omitted spouse statute on two previous occasions. In *Matter of Estate of Knudsen*, 322 N.W.2d 454 (N.D.1982) [*Knudsen I*], we held a mere showing that the amount of benefits provided to a sur-

viving spouse in the form of life insurance benefits and joint tenancy properties exceeded one-third of the augmented estate did not warrant a conclusion, as a matter of law, that the decedent intended those benefits to be in lieu of a testamentary provision for the surviving spouse. We reversed a summary judgment entered in favor of the personal representatives and remanded the case for trial. On remand, the jury returned a verdict finding that the transfers of property to the surviving spouse outside the will were intended by the decedent to be in lieu of a testamentary provision. The surviving spouse appealed, asserting in part that the trial court erred in instructing the jury that the amount of the transfers alone could be the basis for determining if the decedent intended the transfers to be in lieu of a testamentary provision. We affirmed the judgment in *Matter of Estate of Knudsen*, 342 N.W.2d 387, 392 (N.D.1984) [*Knudsen II*], stating:

"We did not hold [in *Knudsen I*] that a trier of fact cannot determine from the amount of the transfers alone whether or not the decedent intended that the transfers be in lieu of a testamentary provision. Section 30.1–06–01(1) (2–301), NDCC, specifically provides that this intent may be shown 'from the amount of the transfer or other evidence.' The trial court properly instructed the jury in this regard."

In this case, Louis similarly asserts that there is "no evidence" in the record upon which the county court could base its determination that he does not qualify as an omitted spouse. We disagree.

■ The evidence reveals that Elsie and Louis were married for a relatively short period of time. Although Louis had a will prepared early in the marriage, Elsie never did return to the attorney's office to execute a new will. The evidence reflects that Elsie, during the marriage, consciously retained certain assets in her own name. Louis received from Elsie a substantial portion of her estate by her placement of property into joint tenancy. Of the $136,000 value of the property held in joint

tenancy, Elsie contributed $81,000. Elsie's contribution to the joint tenancy property was almost as much as the amount she retained for disposition by will. Having carefully reviewed the record, we cannot say the trial court's finding that Elsie provided for Louis by transfers outside the will with the intent that the transfers be in lieu of a testamentary provision is clearly erroneous. Rule 52(a), N.D.R.Civ.P.

We note that a substantial amount of the joint tenancy properties in this case consisted of joint bank accounts and certificates of deposit. Although neither party has raised as an issue the possible application of § 30.1–31–06 (6–106), N.D.C.C., to this case, we deem it appropriate to point out that this statute does not dictate a different result.

Section 30.1–31–06 (6–106), N.D.C.C., provides:

"*30.1–31–06. (6–106) Accounts and transfers nontestamentary.* Any transfers resulting from the application of section 30.1–31–04 are effective by reason of the account contracts involved and this statute and are not to be considered as testamentary or subject to chapters 30.1–01 through 30.1–25, except as provided in sections 30.1–05–01 through 30.1–05–07, and except as a consequence of, and to the extent directed by, section 30.1–31–07."

Although this statute is far from a model of clarity, its purpose and intent are succinctly stated in the Editorial Board Comment to the section:

"The purpose of classifying the transactions contemplated by chapter 30.1–31 as nontestamentary is to bolster the explicit statement that their validity as effective modes of transfers at death is not to be determined by the requirements for wills. The section is consistent with section 30.1–31–14."

The Editorial Board Comment to § 30.1–31–14 (6–201), N.D.C.C., which is entitled "Provisions for payment or transfer at death," states in part:

"Because the types of provisions described in the statute are characterized as nontestamentary, the instrument does not have to be executed in compliance with section 30.1–08–02; nor does it have to be probated; nor does the personal representative have any power or duty with respect to the assets involved."

We also note that the Editorial Board Comment to the pretermitted children statute, § 30.1–06–02 (2–302), N.D.C.C., states that oral evidence is allowed "to establish a testator's intent that ... nonprobate transfers such as life insurance or *joint accounts* are in lieu of a testamentary provision ...." [Emphasis added.]

■ Construing § 30.1–31–06 (6–106), N.D.C.C., "with a view to effecting its objects and to promoting justice" [§ 1–02–01, N.D.C.C.], we conclude that the statute simply provides that the validity of a joint account with a right of survivorship is not to be determined by the requirements for wills, and does not preclude consideration of joint bank accounts and certificates of deposit as transfers for purposes of the omitted spouse statute.[1]

■ Louis asserts that the trial court erred in not granting his motion for summary judgment made during trial because "[t]he estate submitted no evidence at the hearing ... but limited itself to cross examination of Louis ...." According to Louis, this incorrectly placed the burden upon him to show that Elsie did not provide for him by transfers outside the will. There are several problems with this argument.

1. We have discovered no case law from other Uniform Probate Code jurisdictions interpreting U.P.C. § 6–106 in conjunction with the omitted spouse statute. However, courts in Arizona and New Mexico appear to have recognized that joint bank accounts can be considered as transfers for purposes of the omitted spouse statute, but have made no mention of U.P.C. § 6–106.

*See Matter of Estate of Beaman,* 119 Ariz. 614, 617–618, 583 P.2d 270, 273–274 (Ariz.Ct.App. 1978); Ariz.Rev.Stat.Ann. §§ 14–2301 and 14–6106 (1975); *Matter of Estate of Taggart,* 95 N.M. 117, 123–124, 619 P.2d 562, 568–569 (N.M. Ct.App.1980); N.M.Stat.Ann. §§ 45–2–301 and 45–6–106 (1978); Annot., 11 A.L.R. 4th 1213 (1982).

First, a motion for summary judgment must be served on the opposing party at least ten days prior to the time fixed for the hearing. Rule 56(c), N.D.R.Civ.P. An examination of the record reveals that no notice was given in this case. *Cf. Temme v. Traxel,* 102 N.W.2d 1 (N.D.1960).

Second, the party who moves for summary judgment has the burden of showing that there is no genuine issue as to any material fact and that the party is entitled to judgment as a matter of law. *Roll v. Keller,* 336 N.W.2d 648 (N.D.1983). In this case, the parties had stipulated to the value of the property held in joint tenancy by Louis and Elsie, and this Court has held that the amount of the transfers alone may in some circumstances be sufficient for a trier of fact *to find* the intent that the transfers be in lieu of a testamentary provision. *See Knudsen II, supra.* Thus, regardless of who had the burden of proof, the trial court would have been required to make a finding of fact regarding Elsie's intent as a matter of law based solely on the parties' stipulation which would have been improper in a summary judgment proceeding. *See Knudsen I, supra.* The trial court did not err in refusing to grant Louis' motion for summary judgment.

Accordingly, the judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, PEDERSON and VANDE WALLE, JJ., concur.